## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02408-NYW-SKC

PILOT, INC.,

      Petitioner,

v.

AUKEY TECHNOLOGY CO., LTD.,

      Respondent.

---

## PETITIONER PILOT, INC.'S MOTION FOR DEFAULT JUDGMENT

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

Petitioner Pilot, Inc. ("Petitioner" or "Pilot"), by and through its undersigned counsel, hereby respectfully moves for default judgment against Respondent Aukey Technology Company, Limited ("Respondent" or "Aukey"), pursuant to Federal Rule of Civil Procedure Rule 55(b).

## I.      FACTUAL BACKGROUND

Pilot prevailed in an arbitration against Aukey that was seated in Colorado, the United States of America, captioned "*Pilot, Inc. v. Aukey Technology Co., Ltd.*" ("the Arbitration"). The sole Arbitrator, Mr. David L Kreider ("the Arbitrator"), issued a Final Award on June 15, 2022 ("the Award"). (*See* ECF No. 2.) Aukey fully participated with counsel in the Arbitration throughout the Arbitration's pendency.

In the Award, the Arbitrator ordered Aukey to pay Pilot ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████

██████████████████████████████

Pilot filed its Petition for Confirmation, Recognition and Enforcement of Foreign Arbitral Award (ECF No. 1) ("the Petition") on September 19, 2022. Upon receiving the summons after filing the Petition, Pilot's counsel requested that Aukey's counsel from the Arbitration, Mr. John D. Esterhay of Perkins Coie, LLP, accept service in this matter. Mr. Esterhay did not respond to the requests. As such, Pilot filed its *Ex Parte* Motion for Substitute Service (ECF No. 12) on October 18, 2022, requesting that Pilot be permitted to substitute serve Aukey by serving its U.S. counsel at Perkins Coie, LLP. The *Ex Parte* Motion for Substitute Service was denied without prejudice "pending updated information regarding whether John D. Esterhay or Perkins Coie, LLP still represent[s] Defendant in litigation or otherwise." (*Id.*)

Pilot then renewed its Motion for Substitute Service on July 20, 2023, providing the confirmation requested by the Court that John D. Esterhay or Perkins Coie, LLP continued to represent Aukey. (ECF No. 22.) The Court accepted Pilot's evidence of confirmation and issued an Order Granting Petitioner's Motion for Substitute Service on October 16, 2023, allowing Pilot to "effectuate service of process on Respondent through its U.S. Counsel John D. Esterhay of Perkins Coie, LLP." (ECF No. 28.)

Pilot's counsel then personally served Mr. Esterhay on November 24, 2023, and filed a Certificate of Service with the Court on December 1, 2023. (*See* ECF Nos. 31 and 34.) Mr. Esterhay responded to service by writing a letter to the Court on November 29, 2023, stating that Perkins Coie, LLP had not been retained to represent Aukey in this matter, or in other matters related to Pilot and stating that Perkins Coie, LLP would not be appearing on Aukey's behalf. (ECF

No. 32.) The Court responded to this letter on December 1, 2023, in a Minute Order recognizing that Mr. Esterhay nor Perkins Coie, LLP had an obligation to represent Aukey arising from Judge Crews's order granting substitute service but finding that it appeared "Aukey [had] been served in the manner specified by Judge Crews's Order authorizing substitute service." (ECF No. 33.)

Since serving Mr. Esterhay with the Petition and related documents, Aukey still has not filed a responsive pleading. Pilot therefore sought an entry of default. (ECF No. 36.) The Clerk of Court entered default on December 20, 2023 (ECF No. 37). Since the Entry of Default, the Court issued a minute order requiring any motion for default judgment to be filed on or before January 17, 2024. (ECF No. 38.)

Pilot now respectfully requests the Clerk of Court enter default judgment in the amount of ███████████ against Aukey due to its failure to appear, answer, or otherwise participate in this action.

## II.      THE CLERK SHOULD GRANT DEFAULT JUDGMENT

Under Fed. R. Civ. P. 55(b)(1),

> If the [petitioner's] claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the [petitioner's] request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a [respondent] who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Pilot has attached to this filing an affidavit showing the sum certain amount due, ███████████ Aukey is also a company organized and existing under the laws of China. Respondent, thus, is neither a minor nor an incompetent person. Aukey also is not in the military service, as set forth in the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, Protection of Servicemembers Against Default Judgments.

3

As described above, despite Pilot's service of the Petition through substitute service of Mr. Esterhay, Aukey has not filed a responsive pleading in this action. Besides a letter from Mr. Esterhay stating that he did not represent Aukey in this matter, nothing has been filed by Aukey or Aukey's current or former representatives in this matter. As such, Aukey has not made an appearance in this case.

Therefore, based on Fed. R. Civ. P. 55(b)(1) and D.C.COLO.LCivR 55.1, Pilot is entitled to Default Judgment.

### III.     DAMAGES

As noted above, the Arbitrator in his Award ordered Aukey to pay Pilot



The Award stated that payment was due from Aukey to Pilot within thirty days from the date of the Award, June 15, 2022. Since then 551 days have passed. Under C.R.S. § 5-12-102 calculating interest at eight percent per annum compounded annually, Aukey now owes an additional ▮▮▮▮▮ in post-judgment interest. Therefore, Pilot respectfully seeks the Clerk of Court enter default judgment against Aukey in the amount of ▮▮▮▮▮

4

**Statement Pursuant to D.C.COLO.LCivR 7.1**

Counsel has not been able to confer with Aukey concerning this motion as no counsel has entered an appearance on behalf of Aukey, and undersigned counsel has no further means to determine with whom to meet and confer for Aukey or if there is anyone who can ethically contact given that Aukey is believed to be represented by counsel. However, Pilot provided a copy of the motion and the related orders from the Court to Aukey's current or former counsel, Mr. John D. Esterhay of Perkins Coie, LLP on whom substitute service of the Petition was granted by the Court.

Dated: January 19, 2024                          Respectfully submitted,

By: s/ Briana D. Long
    Robert R. Brunelli
      rbrunelli@sheridanross.com
    Aaron P. Bradford
      abradford@sheridanross.com
    Brian S. Boerman
      bboerman@sheridanross.com
    Briana D. Long
      blong@sheridanross.com
    SHERIDAN ROSS P.C.
    1560 Broadway, Suite 1200
    Denver, CO 80202
    Telephone: 303-863-9700
    Facsimile: 303-863-0223
    litigation@sheridanross.com

*Attorneys for Petitioner Pilot, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2024, a courtesy copy of the forgoing document was

served on current or former counsel for Respondent Aukey Technology Co., Ltd. as follows:

John D. Esterhay, Esq.
Perkins Coie, LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
JEsterhay@perkinscoie.com

<u>s/ Vonda Westlake</u>
Vonda Westlake
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02408-NYW-SKC

PILOT, INC.,

      Petitioner,

v.

AUKEY TECHNOLOGY CO., LTD.,

      Respondent.

## AFFIDAVIT OF BRIANA D. LONG IN SUPPORT OF DEFAULT JUDGMENT

I, Briana D. Long, declare under penalty of perjury that the following facts are true to the best of my information and belief:

1.      I am an attorney representing Petitioner Pilot, Inc. ("Petitioner" or "Pilot") in this action.

2.      A Petition for Confirmation, Recognition and Enforcement of Foreign Arbitral Award was filed in this action on September 19, 2022 (ECF No. 1).

3.      Service of process was had on Respondent Aukey Technology Co., Ltd. ("Respondent" or "Aukey") on November 24, 2023. Proof of service was previously filed in this action. (ECF No. 35.)

4.      After Respondent was served in this action, Respondent has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

5.     In addition, the time period for Respondent to file a responsive pleading or otherwise take action has not been extended or modified.

6.     The Clerk of Court entered default in this action on December 20, 2023. (ECF No. 37).

7.     Pilot prevailed in an arbitration against Aukey that was seated in Colorado, the United States of America, captioned "*Pilot, Inc. v. Aukey Technology Co., Ltd.*" ("the Arbitration"). The sole Arbitrator, Mr. David L Kreider ("the Arbitrator"), issued a Final Award on June 15, 2022 ("the Award"). (*See* ECF No. 2.)

8.

9.

10.    Pilot has attached Exhibit A to this Affidavit demonstrating that it paid the full amount of administrative fees and expenses of the International Centre for Dispute Resolution, minus the apportioned costs previously incurred by the Claimant.

Case No. 1:21-cv-02408-WJM-SBP Document 89-1 filed 02/07/24 USDC Colorado pg 3 of
pg 9 of 11
Case No. 2024-0408-WSK-SBP Document 146 filed 01/19/24 SDC Colorado pg 3 of

11.     Under C.R.S. § 5-12-102, post-judgment "[i]nterest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or the date judgment is entered, whichever first occurs."

12.     To date, Aukey has failed to pay the ▮▮▮▮▮▮▮▮ owed to Pilot.

13.     It has been 551 days, or 1.51 years since the date the Award specified Aukey pay Pilot the ▮▮▮▮▮▮▮▮▮

14.     Upon information and belief, Respondent owes an additional ▮▮▮▮▮▮▮▮ in post-judgment interest based on C.R.S. § 5-12-102.

15.     Upon information and belief, Respondent is not a minor or incompetent.

16.     Upon information and belief, Respondent is not in the military service.

17.     Accordingly, Pilot is entitled to default judgment in the amount of ▮▮▮▮▮▮▮▮

Executed this 19th day of January, 2024 at Denver, Colorado.

s/ Briana D. Long
Briana D. Long
blong@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

3

# EXHIBIT A

"This is not an Invoice"

# *Financial History*

| | | | |
|---|---|---|---|
| **History of transactions thru** 17-Jan-2024 | **CASE#** 01-22-0000-1910 | **BALANCE** $0.00 | |
| **Name** Aaron Bradford | Pilot, Inc. | | |
| 1560 Broadway, Suite 1200 | **Re:** Pilot, Inc. v. Aukey Technology Co., Ltd. | | |
| Denver | | | |
| Colorado 80202 | | | |

**Administrative Fees**

| **CASE BALANCE** | **$0.00** |
|---|---|