IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-02408-SKC-SBP

PILOT, INC.,

        Petitioner,

v.

AUKEY TECHNOLOGY CO., LTD.,

        Respondent.

---

# ORDER

On June 15, 2022, Petitioner Pilot, Inc. prevailed in an arbitration against Respondent Aukey Technology Co. Ltd., regarding the alleged breach of a settlement agreement between them. Dkt. 1. In the award, the Arbitrator ordered Aukey to pay Pilot the sum of $2,051,420.00 (USD) plus prejudgment interest in the amount of $178,051.89 (USD). *Id*. at ¶36. The award has not been vacated, modified, corrected, or otherwise set aside or suspended, but Aukey has failed to satisfy the award. *Id*. at ¶¶40, 44.

Pilot filed its Petition for Confirmation, Recognition and Enforcement of Foreign Arbitral Award (Petition) in this Court on September 19, 2022, pursuant to the Federal Arbitration Act (FAA) and the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York Convention). *Id*. On November

24, 2023, Pilot served Aukey through substitute service on Aukey's U.S. Counsel, John D. Esterhay of Perkins Coie, LLP. Dkt. 35. Aukey never answered or otherwise responded to the Petition. The Clerk of Court entered default against Aukey on December 20, 2023. Dkt. 37. Pilot now seeks an entry of default judgment in its favor.[1] Dkt. 40. For the following reasons, the Motion for Default Judgment is granted, and default judgment will be entered in favor of Pilot.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(b), default judgment may enter against a party who fails to appear or otherwise defend a case brought against them. However, a party is not entitled to the entry of default judgment as a matter of right. *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-02445-LTB-MJW, 2008 WL 793606, at * 2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn. Ltd. P'ship v. Smith*, 141 F.Supp.2d 277, 281 (D. Conn. 2001)). Even after the entry of default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment." *McCabe v. Campos*, No. 05-cv-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994)). "In determining whether a claim for relief has been

---

[1] The Court notes that in the body of the Motion, Pilot seeks an entry of default judgment under Fed. R. Civ. P. 55(b)(1), which permits the Clerk of Court to enter judgment where the Plaintiff seeks a sum certain. Because the title of the present Motion is not explicit in that request, the Clerk of Court did not address this matter. In lieu of having Pilot refile a Motion explicitly addressed to the Clerk of Court, the Court, in its discretion, treats this Motion as one pursuant to Fed. R. Civ. P. 55(b)(2).

established, the well-pleaded facts of the complaint are deemed true." *Id*. The decision whether to enter judgment by default is committed to the sound discretion of the district court. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

## ANALYSIS

### A.    Subject Matter Jurisdiction, Personal Jurisdiction & Venue

In determining whether the entry of default judgment is warranted, the Court must first determine whether it has jurisdiction over the subject matter and the defendant. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v, Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). It is well-settled that "[a] judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties." *Id*. at 1202.

Here, the allegations in the Petition—taken as true for purposes of default judgment—establish the Court's jurisdiction over this case and the parties. This matter arises under the FAA and the New York Convention, and therefore, the Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 9 U.S.C. § 1, et seq.

In addition, according to the well-pleaded allegations in the Petition, Pilot and Aukey entered into a binding agreement to submit any dispute to arbitration in Colorado. *See* Dkt. 2 at ¶108. Further, Aukey also attempted to avail itself of the courts in this district when it filed a Complaint and Motion for a Temporary Restraining Order regarding the same facts and arbitration at issue in this case. *See Aukey Technology Co. v. Pilot, Inc.*, 22-cv-00905-DDD-KLM (April 14, 2022). And as

previously noted, Pilot completed valid and effective service on Aukey via substitute service on Aukey's U.S. attorneys. Dkts. 28, 35. Consequently, the Court concludes it has personal jurisdiction over Aukey.

Finally, pursuant to the New York Convention, because the parties agreed to arbitrate in Colorado, venue is proper in the State and District of Colorado. *See* 9 U.S.C. § 204 (An action may be brought "in such court for the district and division which embraces the place designated in the agreement as the place of arbitration.").

## B.   Confirmation, Recognition, Enforcement

Pilot seeks default judgment against Aukey confirming, recognizing, and enforcing the arbitration award. According to the Petition, Pilot and Aukey are legal entities of countries (the United States and China, respectively) that are signatories to the New York Convention. Dkt. 1 at ¶49. In relevant part, the New York Convention provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207.

Under Article V of the Convention, the grounds for refusing to recognize or enforce an arbitral award are:

> (a) The parties to the agreement . . . were . . . under some incapacity, or the said agreement is not valid under the law . . .; or

> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings . . .; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration . . .; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties . . .; or
>
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

New York Convention art. (V)(1). Enforcement may also be refused if the "subject matter of the difference is not capable of settlement by arbitration under the law of that country," or the "recognition or enforcement of the award would be contrary to the public policy of that country." *Id.* art. V(2).

Because the arbitration took place in the United States, the FAA defenses are also available to one trying to avoid enforcement. *See Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 21 (2d Cir. 1997) ("Article V(1)(e) of the Convention [allows] a court in the country under whose law the arbitration was conducted to apply domestic arbitral law, in this case the FAA, to a motion to set aside or vacate that arbitral award."). Under the FAA, a court may vacate an arbitration award when: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing or hear evidence pertinent and

material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers, or so imperfectly executed them. 9 U.S.C. § 10(a)(1) – (4).

The party opposing confirmation of the award bears the burden of furnishing proof of an enumerated defense. *Goldgroup Res., Inc. v. DynaResource de Mexico, S.A. de C.V.*, 994 F.3d 1181, 1191-92 (10th Cir. 2021) (citing *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1295-96 (10th Cir. 2020)). Here, Aukey has failed to respond to the Petition in any form, and therefore, has not met its burden to establish a defense to confirmation. Consequently, the Court confirms, recognizes, and enforces the arbitration award.

## C.   Damages

Default judgment cannot enter under Rule 55(b)(2) until the amount of damages is ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). A default judgment for money damages must be supported by proof. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). This ensures that the plaintiff is not awarded more in damages than can be supported by the evidence. *See id.* Whether to conduct a hearing for the purpose of ascertaining damages is discretionary. *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). The Court concludes a hearing is unnecessary.

With the Petition to Confirm, Pilot attached the final arbitration order awarding it $2,051,420.00 (USD) plus prejudgment interest in the amount of

$178,051.89 (USD). Dkt. 2 at p.116. The Arbitrator also awarded Pilot $48,529.17 (USD) in administrative fees and expenses. *Id.* at 117. To date, Aukey has not paid Pilot any of these awarded amounts, and therefore, based on the evidence, Pilot is entitled to a total award of $2,278,001.06 (USD).

Pilot also seeks an award of post-judgment interest under Colo. Rev. Stat. § 5-12-102, which provides for interest at eight percent per annum compounded annually. However, given the lapse of time between the filing of the Motion and the date of this Order, Pilot's requested amount is no longer accurate. Consequently, Pilot shall file a Notice with the Court with the updated damages total inclusive of the new amount of post-judgment interest it believes should be awarded. Final judgment will be entered at that time.

\*     \*     \*

For the foregoing reasons, the Motion for Default Judgment is GRANTED. The Court confirms, recognizes, and enforces the Arbitrator's Final Order in favor of Pilot Inc.

IT IS FURTHER ORDERED on or before the close of business on May 13, 2024, Petitioner shall file a Notice with an updated damages total inclusive of the new post-judgment interest amounts. Upon receipt of this Notice, the Clerk of Court shall enter final judgment in favor of Petitioner Pilot Inc.

DATED: April 29, 2024.

7

BY THE COURT:

S. Kato Crews
United States District Judge